MoIlvaine, C. J.
Upon the pleadings and verdict, was the judgment below correct ?
The pleadings do not show that the plaintiff below was entitled to judgment. If the copy of the account -filed with the answer could be .regarded as a part of the pleadings, it would show, prima fade, that the claim was barred by the statute of limitations; but the defendant, was not concluded by the *154 dates thus given to tlie items of his account. The testimony is not set out, and for aught that appears in the record, the: testimony may have shown those dates to be incorrect, ox-other matter avoiding the statute of limitations. For the effect of the testimony upon this issue, we can only look to the verdict. The verdict is, that there was due from the plaintiff to the defendant, upon the matters set up in the answer, the sum of $163.15, to be set off' against the amount so found to be due upon the note set up in the petition. True, it is also found that the cause of action set up in the answer accrued more than six yeai’s before the same was set up. But tins, finding was wholly immaterial, as the claim was not barred unless it had accrued more than six years before the commencement of the action. The .statute stops running against a set-off at the date of the commencement of the action in which it is pleaded; the date of pleading the set-off is immaterial. In this case, nearly two months elapsed between the commencement of the action and the filing of the answer, and the verdict does not show that the claim was barred at the coxníxiencement of the action.
The judgment should have been fof the defendant below,, for the excess of the set-off over and above the plaintiff’s claim.
This view of the case renders it unnecessary to determine whether section 99 of the Code of Civil Procedure of 1853, in relation to the compensation of counter-claims, does or does not apply in cases like the pi’esent.
Judgment's ieloio reversed, and judgment entered for the flaÁntiff vn error, in accordance with the verdÁct*